IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ANGEL RAMIREZ-ARROYO,**

        Petitioner,

   v.

**UNITED STATES OF AMERICA,**

        Respondent.

No. 3:08-cr-00228-MO-3
No. 3:13-cv-02078-MO

OPINION AND ORDER

**MOSMAN, J.**,

    A jury found Petitioner Angel Ramirez-Arroyo guilty [223] of one count of conspiracy to distribute and possess with intent to distribute cocaine and methamphetamine on April 2, 2010. I sentenced him [410] to a term of confinement of 240 months. Mr. Ramirez-Arroyo now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [437]. For the reasons set forth below, I DENY his motion.

## BACKGROUND

    On May 14, 2008, a grand jury issued an indictment charging Mr. Ramirez-Arroyo and five others with conspiracy to distribute and possess with intent to distribute methamphetamine, cocaine, and heroin. (Indictment [1] at 1.) Evidence presented at Mr. Ramirez-Arroyo's trial established that codefendant Oscar Macias-Ovalle supplied him with methamphetamine. (Tr.

1 – OPINION AND ORDER

[272] at 103:18–104:1.)  Additionally, law enforcement officers found 3168 grams of actual methamphetamine in a safe within Mr. Macias-Ovalle's house.  (Tr. [299] at 207:20–208:9; [300] at 479:19–485:6.)  Two witnesses testified that they purchased more than 500 grams of methamphetamine from Mr. Ramirez-Arroyo.  (Tr. [299] at 236:12–237:11; [300] at 534:5–22.)  The jury returned a verdict of guilty, and found that one of the objects of the conspiracy to which Mr. Ramirez-Arroyo belonged was to distribute and possess with intent to distribute at least 500 grams of a mixture containing methamphetamine.  (Verdict [223].)

I conducted Mr. Ramirez-Arroyo's sentencing hearing on November 2, 2010.  Based on the large amount of drugs found at Mr. Macias-Ovalle's house, I adopted a base offense level of 38.  (Sent. Tr. [410] at 21:6–9.)  I found that enhancements for possession of a firearm, occupying a leadership role, and obstruction of justice applied, yielding a total offense level of 44.  *Id.* at 21:10–22:19.  I also concluded that Mr. Ramirez-Arroyo's criminal history category was one.  *Id.* at 22:20.  Based on my weighing of the factors listed in 18 U.S.C. § 3553(a), however, I concluded that the advisory guidelines sentence of life imprisonment was excessive, and instead imposed a sentence of 240 months.  *Id.* at 22:21–25:4.

Mr. Ramirez-Arroyo appealed his conviction to the Court of Appeals for the Ninth Circuit shortly after his sentencing, raising the denial of his motion to suppress evidence as his sole assignment of error.  (Mem. Op. [419-1] at 1.)  The Ninth Circuit affirmed.  *Id.* at 2.

## DISCUSSION

Mr. Ramirez-Arroyo claims that his trial counsel rendered ineffective assistance in two ways: (1) failure to notice that I had not explained the basis for the sentence I imposed; and (2) failure to object when I adopted an incorrectly calculated base offense level.  He also alleges that the Government failed to disclose material exculpatory evidence.

2 – OPINION AND ORDER

To prevail on a claim of ineffective assistance of counsel, a § 2255 petitioner must show (1) that counsel's performance was "deficient" and (2) that the deficient performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

To satisfy the deficiency prong, a petitioner must demonstrate that his attorney's actions "were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. To satisfy the prejudice prong, a petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

I.  **Failure To Explain the Sentence**

Though the choice of the sentence to impose is committed to the district court's discretion, the court must exercise that discretion according to a well-established statutory procedure. First, a sentencing judge must determine the appropriate range of sentences called for in the U.S. Sentencing Guidelines. *See United States v. Booker*, 543 U.S. 220, 259–60 (2005). The judge may then either select a sentence within the guidelines range or depart upward or downward, based on consideration of the factors listed in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 53 (2007). The judge must explain the reasons for the sentence imposed sufficiently to make apparent "a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

Mr. Ramirez-Arroyo alleges that I did not explain how I arrived at his sentence, and implies that his counsel was deficient in failing to raise this failure on direct appeal. (Mot. [437]

3 – OPINION AND ORDER

at 17–18.) Mr. Ramirez-Arroyo's assertion is false. During his sentencing hearing, I set forth the facts that led me to arrive at a guidelines sentence of life imprisonment and my reasons for departing downward to a sentence of 240 months. (Sent. Tr. [410] at 21:6–25:4.) Because I explained the basis for the sentence I imposed, Mr. Ramirez-Arroyo's counsel cannot have been deficient in declining to argue that I failed to do so.

## II.    Incorrect Guidelines Range

Any fact, other than a prior conviction, that increases a defendant's maximum sentence must be proven to a jury beyond a reasonable doubt. *Apprendi v. United States*, 530 U.S. 466, 490 (2000). By contrast, facts based on which a district court determines the applicable guidelines range, such as the quantity of controlled substances involved, need only be proven at sentencing by a preponderance of the evidence. *See, e.g.*, *United States v. Forrester*, 616 F.3d 929, 949 (9th Cir. 2010) (setting forth the standard of proof for drug quantity at sentencing).[1]

Where the defendant was convicted of possessing with intent to distribute 1.5 kg or more of actual methamphetamine, the applicable base offense level is 38. U.S. Sentencing Guidelines Manual § 2D1.1(c)(1). Where the crime involved between 500 g and 1.5 kg of methamphetamine (not "actual" methamphetamine), however, the base offense level is 32. § 2D1.1(c)(4). A defendant who was part of "a jointly undertaken criminal activity" is held

---

[1] Preponderance of the evidence is the default standard "for factual findings used for sentencing." *United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005). A fact that would have "an extremely disproportionate effect" on the sentence, however, may require proof by clear and convincing evidence. *Id.* (internal quotation omitted). The determination whether a fact would have a disproportionate impact rests on the "totality of the circumstances," and such factors as the size of the resulting increase in the base offense level or the ultimate sentence are particularly relevant. *Id.* (internal quotation omitted). This principle notwithstanding, where the defendant has been convicted of conspiracy to distribute narcotics, the amount of narcotics attributable to the conspiracy may be proved by a preponderance of the evidence even if that amount leads to a sentence many times higher than that called for by the jury's verdict. *See United States v. Harrison-Philpot*, 978 F.2d 1520, 1523–24 (9th Cir. 1992). Such a "severe penalty increase" does not offend due process because the conviction for conspiracy necessarily contemplates that the defendant might be held responsible for all of the narcotics that the conspiracy distributed. *Id.* Here, because Mr. Ramirez-Arroyo was convicted of conspiracy to distribute methamphetamine, proof of the amount attributable to the conspiracy by a preponderance of the evidence was proper notwithstanding the resulting six-point increase in his base offense level.

responsible for any joint venturer's act that was in furtherance of the activity and reasonably foreseeable to the defendant.  § 1B1.3(a)(1)(B).

Mr. Ramirez-Arroyo argues that I erred in adopting a base offense level of 38, and that his counsel was ineffective for failing to raise that error on direct appeal.  (Mot. [437] at 19.) He alleges that I impermissibly based my guidelines calculation on an amount of methamphetamine higher than that reflected in the jury's verdict.  (Mot. [437] at 19–20.)  As noted, my determination of the applicable guidelines range need not be based solely on findings necessary to the jury's verdict, but may rest also on facts proven at sentencing by a preponderance of the evidence.  In this case, police officers seized over three kilograms of actual methamphetamine from codefendant Macias-Ovalle's residence.  Testimony at trial established that Mr. Ramirez-Arroyo conspired with Mr. Macias-Ovalle to distribute methamphetamine and cocaine, and that Mr. Ramirez-Arroyo had personally sold at least a kilogram of methamphetamine.  He therefore could reasonably have foreseen that Mr. Macias-Ovalle would possess for distribution such a large amount of actual methamphetamine as was established at trial.  I find no error in my calculation of the applicable base offense level.  Accordingly, I cannot find Mr. Ramirez-Arroyo's counsel ineffective in failing to raise any such error.

### III.     Failure To Disclose Material Exculpatory Evidence

A prosecutor must disclose to the defense any evidence "that is both favorable to the accused and 'material either to guilt or to punishment.'"  *United States v. Bagley*, 473 U.S. 667, 674 (1985) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).  Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  *Id.* at 682.

Mr. Ramirez-Arroyo alleges that the Government breached its duty to disclose material exculpatory evidence by failing to turn over lab results indicating the amount of methamphetamine seized at Mr. Macias-Ovalle's house. (Mot. [437] at 21.) He does not allege any facts suggesting that disclosure of this evidence would have given rise to a reasonable probability that his trial would have ended in acquittal or a lesser sentence. The Government responds that it disclosed all lab reports produced in this case, including two stating the results of tests performed on the methamphetamine taken from Mr. Macias-Ovalle's residence. (Resp. [448] at 14–15; Ex. 4 [448-4].)

At this stage of the § 2255 proceeding, I cannot favor the Government's assertion that it disclosed this evidence over Mr. Ramirez-Arroyo's assertion that he never received it. *See United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (requiring the district court to accept the petitioner's factual allegations as true, unless "palpably incredible or patently frivolous," when determining whether to hold an evidentiary hearing). However, because Mr. Ramirez-Arroyo has made no attempt to explain how the Government's alleged failure to disclose the lab reports prejudiced his defense, he has not alleged sufficient facts to make out a *Brady* violation. He therefore has not stated a ground on which § 2255 relief may be granted.

## IV.   Evidentiary Hearing

A § 2255 petitioner is entitled to a hearing on his claim "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Ninth Circuit "[has] characterized this standard as requiring an evidentiary hearing where 'the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'" *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Accordingly, a

hearing must be granted "unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Schaflander*, 743 F.2d at 717. "'Merely conclusory statements in a § 2255 motion are not enough to require a hearing.'" *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (quoting *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980)).

No evidentiary hearing is warranted here. The record conclusively rebuts Mr. Ramirez-Arroyo's first two asserted grounds for relief, and he failed to allege that the Government's asserted failure to disclose exculpatory evidence caused any specific prejudice to his defense.

## CONCLUSION

Because his allegations of ineffective assistance fail to state a ground for relief, I DENY Mr. Ramirez-Arroyo's motion [437] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. I also DENY a certificate of appealability because Mr. Ramirez-Arroyo has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this  6th  day of March, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge